## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into this ____ day of October, 2011 (the "Effective Date"), by and between Plaintiff, **WILLIAM LOPEZ** ("Plaintiff"), and Defendants', **ALL YEAR COOLING AND HEATING, INC.** and **THOMAS A. SMITH, II** (collectively, "All Year") (hereinafter, all parties collectively referred to as the "Parties").

## RECITALS

**WHEREAS**, Plaintiff has asserted claims against All Year in the action styled: <u>William Lopez. All Year Cooling and Heating, Inc., et al.</u>, Case No.: 10-cv-62320, filed in the United States District Court for the Southern District of Florida ("the Litigation"); and

**WHEREAS**, for purposes of avoiding costly litigation and in order to reach an amicable resolution of the claims and disputes by and among the Parties, the Parties desire to reach a final settlement of any and all claims or causes of action which any one of them may have had or may now have against any other.

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of any and all disputes between them:

## AGREEMENT

1. <u>Recitals</u>: The Parties acknowledge that the portion of this Agreement entitled "Recitals" is true and correct, and incorporated herein as material parts of this Agreement.

2. <u>No Admission of Liability</u>: The Parties agree to amicably settle the Litigation and all disputes between them. The Parties hereto understand that this Agreement is in full and complete compromise of all disputed claims, both as to questions of liability and damages, including liquidated damages, and without an admission of liability or wrongdoing by any of the Parties, any such liability or wrongdoing being expressly denied.

3. <u>Settlement</u>: All Year shall pay Plaintiff the total sum of Nine Thousand Four Hundred Fifty and 00/100 Dollars ($9,450.00) ("Settlement Sum") ($3,150.00 for damages, $3,150.00 for liquidated damages and $3,150.00 to Card & Glenn, P.A. for attorney fees and costs. Payment shall be delivered to Plaintiff's counsel, Card & Glenn, P.A., in two equal installments on or before November 15, 2011 and December 15, 2011; but however, the Settlement Sum shall not be disbursed by Card & Glenn, P.A. to until Plaintiff executes this

Agreement. Within five (5) days of final payment of the Settlement Sum by All Year, Plaintiff shall file a Voluntary Dismissal with Prejudice in the Litigation, unless the Court previously entered said dismissal with prejudice.

    4.    Release: In consideration of the mutual obligations under this Agreement, Plaintiff, including his heirs, executors, administrators, partners, agents, servants, employees, legal representatives, successors, assigns, and affiliates (collectively referred to as the "Releasors") hereby remise, release, acquit, satisfy, and forever discharge All Year Cooling and Heating, Inc., Thomas A. Smith, II, and All Year's shareholders, officers, directors, managers, employees, independent contractors, affiliated entities, subsidiaries, attorneys, agents, servants, legal representatives, and assigns, including, but not limited to, Thomas A. Smith, Thomas A. Smith, II, Erin Smith and Audrey Smith (collectively referred to as the "Releasees") of and from any and all actions, causes of action, whether known or unknown or suspected to exist by anyone, and whether statutory, in law or in equity, which the Releasors ever had, now has or may now have against the Releasees for or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this Agreement, including, but not limited to, causes of action arising under or related to any Federal discrimination laws, including, but not limited to, Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. Sec. 2000e, et. seq.), the Equal Pay Act, the Fair Labor Standards Act of 1938 as amended (29 U.S.C. Sec. 201 et. seq.), the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. Sec. 10001 et. seq.), the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. Sec. 621 et. seq.), the Older Workers Benefit Protection Act, the Americans with Disabilities Act ("ADA") (42 U.S.C. Sec. 12101 et. seq.), the Family and Medical Leave Act and FDIC regulations, and claims which have or could have arisen on matters governed by state and local laws and regulations, including, but not limited to, claims for wages, separation pay or accrued benefits, claims which have arisen under Chapter 448 of the Florida Statutes, the Florida Civil Rights Act of 1992 (Sec. 760.01 et. seq., Florida Statutes), the Florida Workers' Compensation Law (Chapter 440, Florida Statutes), the Florida Equal Pay Act, RICO, racketeering, obstruction of justice, wire fraud, and claims of libel, slander, breach of contract, wrongful discharge, impairment of economic opportunity, and including, but not limited to, all claims of personal injury, including mental and physical pain and suffering, intentional infliction of emotional distress, assault and battery, negligent supervision, and any other actions in tort or contract.

5.   <u>Non-Disparagement of All Year</u>.  Plaintiff shall not directly, indirectly, alone, or as a shareholder, director, officer, member, manager, agent, proprietor, employer, employee, partner, independent contractor, investor, consultant, advisor, financial backer, joint venturer or in any other capacity whatsoever, of any person or entity, make any statement or comment about, or disparage, All Year and/or its affiliates, its past, present or future owners, shareholders, directors, officers, members, managers, employees, shareholders, agents or representatives (the "All Year Parties") in any manner whatsoever relating to it or them, including without limitation, to its or their business, business reputation, business practices, policies or procedures, contracts, prices, negotiations or personal reputation to any person or entity, including without limitation, All Year's competitors, current and former All Year employees, media, publishers, editors, journalists, film makers, radio disc jockeys or newspersons, bloggers, web publishers, persons operating websites, any other person or entity with the resources or ability to publish said statement or information to the public and/or to the general public at large.  Further, Plaintiff shall not create, participate in the creation, contribute, blog, post or otherwise participate in the operation, continuity of any website, message, social network, tweet or similar method of disseminating information to the general public that in any manner or fashion makes any representation, whatsoever, regarding or relating to All Year, or its shareholders, director, officer, member, manager, agent, proprietor, employer, employee, partner, independent contractor, investor, consultant, advisor, financial backer, and/or joint venture.  In the event any person or entity questions Plaintiff about All Year and/or the All Year Parties, or otherwise discusses All Year and/or the All Year Parties, with Plaintiff, he or she shall provide no response other than to give the dates of their employment, their personal salary, their general job description, and "no comment."  Nothing contained herein shall prevent or prohibit Plaintiff from complying with a subpoena, summons, other lawful process or government agency.

6.   <u>Non-Disparagement of Plaintiff</u>:   All Year shall not directly, indirectly, in combination with another or alone make any statement or comment about, or disparage Plaintiff in any manner whatsoever, including without limitation, to their personal reputation, business reputation, or business practices to any person or entity, including, without limitation, to prospective employers.  In the event Plaintiff's prospective employer(s) contacts All Year for a reference, All Year shall only provide said Plaintiff's dates of employment, salary, and general job description, and shall otherwise respond "no comment," or similar, to requests for other information.  If All Year is required to give a statement, comment or disparage, All Year's

statement, comment or disparage shall be as limited as possible and only directly responsive to such a request or demand as is absolutely necessary to comply with the court order or law. Nothing contained herein shall prevent or prohibit All Year from complying with a subpoena, summons, other lawful process or request for a government agency.

7.  <u>No Further Obligations</u>: Plaintiff hereby acknowledges and agrees that they upon payment the Settlement Sum, Plaintiff has been paid any and all outstanding wages in full, including, without limitation, hourly wages, commission wages, and overtime wages. Plaintiff agrees that, aside from the obligations set forth in this Agreement, All Year does not owe Plaintiff any monies or benefits except for future wages for any future work.

8.  <u>Confidentiality</u>: The terms of this Agreement, as well as each and every subject matter of the Litigation and Plaintiff's employment, including, without limitation, the Settlement Sum (the "Confidential Matters"), shall be kept confidential by the Parties, their representatives, attorneys, and agents. The Parties may only disclose the Confidential Matters to an attorney for the purposes of enforcing this Agreement, to an employee (who shall also be bound by this confidentiality provision) if necessary to carry out the terms of this Agreement, or a tax preparer of one of the Parties. Under no circumstances shall any of the Parties or anyone acting on behalf of the Parties, directly or indirectly, disclose Confidential Matters to All Year's competitors, other current and former All Year employees (except as provided herein and those that are parties hereto), media, publishers, editors, journalists, film makers, radio disc jockeys or newspersons, bloggers, web publishers, persons operating websites, any other person or entity with the resources or ability to publish said Confidential Matters to the public and/or to the general public at large. However, even upon demand, the Confidential Matters shall not be disclosed, unless refusal to do so would violate a law, regulation, or court order; and prior to making any such disclosure, each party shall take each and every step possible to protect the confidentiality of the Confidential Matters, including, without limitation, by seeking a protective order, or equivalent, and/or court order requiring those that shall learn the Confidential Matters to keep said information confidential. Each party shall, after giving the other party immediate and appropriate notice (of at least ten (10) days prior to such proposed disclosure when practicable, or as much time as possible) of any such proposed disclosure or request for disclosure of the Confidential Matters, and, to the extent permitted by law, regulation, rule, rule of a court or court order, reasonably cooperate the party to whom a request or demand to disclose is made to oppose such disclosure, including, without limitation, to obtain a court order

preventing, limiting or otherwise restricting such disclosure. If disclosure is unavoidable and necessary in order to comply with such a court order or law, the disclosing party shall disclose no more information that is absolutely necessary to comply with the court order or law, and keep confidential the balance of the information. Nothing contained herein shall prevent or prohibit either party from complying with a subpoena, summons or other lawful process; but rather places additional obligations on the parties to provide notice and take any and all steps and/or processes available to prevent the disclosure of Confidential Matters. Further, nothing contained herein shall prohibit any party from disclosing the terms of this Agreement only to those necessary to prosecute or defend a worker's compensation claim or wage audit.

9. <u>Opportunity to Consult with Counsel</u>: The Parties hereby represent and acknowledge that they have been provided with an opportunity to discuss and review the terms of this Agreement with an attorney before signing it and that they are freely and voluntarily signing this document in exchange for the benefits provided herein.

10. <u>Binding Nature of Agreement</u>: This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

11. <u>Governing Law and Jurisdiction</u>: This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida, without giving effect to the conflict of laws principles of Florida law. The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively in any court of competent jurisdiction in Broward County, Florida.

12. <u>Interpretation</u>: The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties, and shall not be construed against the "drafter" of the Agreement. If any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of any section of this Agreement) is legally determined to be unenforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said unenforceable portion or provision shall be deemed not to be a part of this Agreement.

13. <u>Modification of Agreement</u>:  This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

14. <u>Selective Enforcement</u>:  The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

15. <u>Entire Agreement</u>:  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

16. <u>Headings</u>:  The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

17. <u>Attorney's Fees and Costs</u>:  If any party seeks to enforce this Agreement or should any action be initiated arising from or relating to this Agreement, the prevailing party shall be entitled to recover its attorney's fees and costs incurred prior to any lawsuit being initiated, during litigation and/or on appeal.

18. <u>Authority</u>:  Each party hereto represents and warrants to the others that it has the full right, power and lawful authority to enter into, execute and perform under this Agreement and such actions do not violate any other agreement by, or restriction imposed upon, such party.  Each person executing this Agreement on behalf of a party hereto hereby represents and warrants that he/she has the authority to execute this Agreement and to bind the party for whom such person so executes this Agreement.

19. <u>Severability</u>.  If any provision, part, term, phrase, or word of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions, parts thereof, terms, phrases and words of this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

20. <u>Signatures in Counterparts</u>:  This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original.  However, such counterparts shall together constitute one and the same document.

*[Signatures Follow on Next Page]*

**IN WITNESS WHEREOF,** this Agreement has been executed by the Parties as of the Effective Date.

**PLAINTIFF:**

_____
WILLIAM LOPEZ
Dated: 10-18-11

STATE OF FLORIDA      )
                      ) ss:
COUNTY OF BROWARD     )

The foregoing instrument was acknowledged before me this ____ day of October, 2011, by **William Lopez**, who is personally known to me or who has produced _____ (type of identification) as identification.

J. Dennis Card, Jr.
COMMISSION # DD856044
EXPIRES: JAN. 29, 2013
WWW.AARONNOTARY.com

_____
NOTARY PUBLIC, STATE OF FLORIDA

J. Dennis Card Jr.
(Print, Type or Stamp Commissioned Name of Notary Public)


_____
**THOMAS A. SMITH, II, Individually and as President of All Year Cooling and Heating, Inc.**

Dated: _____

STATE OF FLORIDA      )
                      ) ss:
COUNTY OF BROWARD     )

The foregoing instrument was acknowledged before me this ____ day of June, 2011, by **THOMAS A. SMITH, II, Individually and as President of All Year Cooling and Heating, Inc.**, who is personally known to me or who has produced _____ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of Notary Public)

**IN WITNESS WHEREOF,** this Agreement has been executed by the Parties as of the Effective Date.

### PLAINTIFF:

_____
**WILLIAM LOPEZ**
Dated: _____

STATE OF FLORIDA )
                               ) ss:
COUNTY OF BROWARD )

The foregoing instrument was acknowledged before me this ____ day of October, 2011, by **William Lopez**, who is personally known to me or who has produced _____ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of Notary Public)

_____
**THOMAS A. SMITH, II, Individually and as President of All Year Cooling and Heating, Inc.**

Dated: _____

STATE OF FLORIDA )
                               ) ss:
COUNTY OF BROWARD )

The foregoing instrument was acknowledged before me this 31st day of October, 2011, by **THOMAS A. SMITH, II, Individually and as President of All Year Cooling and Heating, Inc.**, who is personally known to me or who has produced _____ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

Notary Public State of Florida
Cindy Hernandez
My Commission DD924702
Expires 09/13/2013

_____
(Print, Type or Stamp Commissioned Name of Notary Public)